1  THOMAS E. WINNER
   Nevada Bar No. 5168
2  RUSSELL D. CHRISTIAN
   Nevada Bar No. 11785
3  ATKIN WINNER & SHERROD
   1117 South Rancho Drive
4  Las Vegas, Nevada 89102
   Phone (702) 243-7000
5  Facsimile (702) 243-7059
   *Attorneys for Defendants*

6

                    UNITED STATES DISTRICT COURT
7
                        DISTRICT OF NEVADA
8

9  ERIN GIBSON, Individually;              CASE NO.:

10        Plaintiff,

11 vs.                                      **PETITION FOR REMOVAL**

12 O G TRANSPORT, INC., a California
   Corporation; JOSE P. RODRIGUEZ, an
13 Individual; DOES I-X, and ROE
   CORPORATIONS I-X, inclusive,
14
          Defendants.
15

16       Defendants, O G TRANSPORT, INC., and JOSE P. RODRIGUEZ by and through their

17 counsel of record, ATKIN WINNER & SHERROD, submits this Petition for Removal in

18 accordance with 28 U.S.C. §§ 1332, 1441 and 1446.  Removal is warranted under 28 U.S.C. §

19 1332(a)(1) because this is a civil action between citizens of different states and the amount in

20 controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.  In support

21 of this Petition for Removal the defendant states as follows:

22
   1.  On May 4, 2017, the plaintiff filed an action titled ERIN GIBSON v. O G
23
       TRANSPORT, INC. and JOSE P. RODRIGUEZ in the Eighth Judicial District Court
24
       of Clark County, Nevada, Case No A-17-755031-C, assigned to Department 25 ("the
25
       State Court Action").  A copy of the Complaint is attached as *Exhibit A*.
26

27 / / /

28

ATKIN WINNER & SHERROD
A NEVADA LAW FIRM

2. In accordance with 28 U.S.C. § 1446(a), a true and correct copy of the Proof of Service upon Jose P. Rodriguez in the State Court Action is attached as *Exhibit B*. The Proof of Service was filed on May 22, 2017.

3. In accordance with  28 U.S.C. § 1446(a), a true and correct copy of the Proof of Service upon O G Transport, Inc. in the State Court Action on May 22, 2017, is attached as *Exhibit C*. The Proof of Service was filed on May 22, 2017.

4. The Complaint identifies Defendant O G Transport, Inc. as a California Corporation. *Exhibit A* at 1:26-28; 2:1-3.

5. The Complaint identifies Defendant Jose Rodriguez as a citizen of the State of California. Exhibit *A* at 2: 4-6.

6. The Plaintiff, as alleged in her complaint, is a resident of the State of Nevada.  *Exhibit A* at 1:24-25.

7. The ROE and DOE Defendants in this action have not been identified and are merely nominal parties without relevance to the action.   *Exhibit A* 2:11-28; 3:1-12.

8. There are no matters pending in the State Court Action that require resolution by this court.

9. Because this is a civil action between citizens of different states involving an amount in controversy in excess of $75,000, exclusive of interest and costs, removal of this matter is proper pursuant to 28 U.S.C. § 1332.

10. This action is one over which the United States District Courts have original jurisdiction by reason of the diversity of citizenship of the parties.

/ / /

/ / /

/ / /

11. Pursuant to 28 U.S.C. § 1446(d), Defendants have contemporaneously filed a copy of this Petition for Removal with the clerk of the Eighth Judicial District Court in Clark County, Nevada and has provided a written notice to the plaintiff by serving a copy of the instant Petition for Removal on counsel for the plaintiff.

## DIVERSITY OF CITIZENSHIP

12. Upon information and belief, the Plaintiff is a resident of the State of Nevada. *See* 28 U.S.C. § 1332(c). *Exhibit A* at 1:24-25.

13. Defendant Jose Rodriguez is a citizen of the State of California. *See* 28 U.S.C. § 1332(c).

14. Defendant O G Transport, Inc. is a California Corporation. *See* 28 U.S.C. § 1332(c).

15. Complete diversity of citizenship existed between the Plaintiff and the Defendants at the time the Plaintiff filed and served the State Court Action, and complete diversity of citizenship exists at the time of removal.

## AMOUNT IN CONTROVERSY

16. As required by 28 U.S.C. § 1332, the amount in controversy in this matter exceeds $75,000, exclusive of interest and costs.

17. The plaintiff alleges that on February 16, 2016 she was operating a 2005 Subaru Outback and was traveling south on Green Valley Parkway at or near its intersection with Wigwam Parkway in Henderson, Nevada, and was stopped in the intersection at a greenlight on Green Valley Parkway in the left turn lane in an attempt to turn onto Wigwam Parkway when she initiated a left turn and was allegedly struck by a 2010 commercial vehicle ("semi-truck tractor trailer") driven by the Defendant Jose Rodriguez. The Complaint avers that the Defendant Jose Rodriguez accelerated his speed instead of reducing his speed, therefore causing the accident. The plaintiff avers

that as a result of this accident she sustained general and special damages and incurred reasonable attorneys fees, costs, and any such further relief as the Court may deem just and equitable.

18. The amount of damages clause in the plaintiff's State Court Action is consistent with Rule 8(a) of the Nevada Rules of Civil Procedure ("N.R.C.P.") where she seeks monetary damages "in excess of $10,000.00." *Exhibit A* at 13:10-13.  Pursuant to N.R.C.P. 8(a), "[w]here a claimant seeks damages of more than $10,000.00, the demand shall be for damages 'in excess of $10,000.00' without further specification of amount."

19. A defendant may remove a suit to federal court notwithstanding the failure of a plaintiff to plead a specific dollar amount in controversy.  Where, as here, a plaintiff has alleged no specific amount of damages, a removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum.  Lowdermilk v. United States Nat'l Assoc., 479 F.3d 994, 998 (9th Cir. 2007); Abrego v. Dow Chemical Co., 443 F.3d 676, 683 (9th Cir. 2007).

20. To satisfy the preponderance of the evidence test, a defendant must provide evidence that "it is more likely than not" that the amount in controversy is greater than $75,000.  Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996). The court may look beyond the complaint to determine whether the amount in controversy is met.  *See* Abrego, 443 F.3d at 690.

21. A review of the plaintiff's State Court Action demonstrates that the plaintiff "more likely than not" seeks more than $75,000, exclusive of interest and costs. Specifically, the plaintiff alleges that she "was injured, hospitalized, and suffered excessive pain and other injuries and damages". Exhibit A, 5: 5-6.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ATKIN WINNER & SHERROD LTD
A NEVADA LAW FIRM

22. Upon information and belief, the plaintiff has alleged to have sustained injuries to her back, trapezius, sciatica, left knee and ankle, as well as myofascial pain syndrome, sterna contusion, pericardial effusion, bruising, emotional distress, pain and suffering, and possible future damages.

23. Upon information and belief, the plaintiff received emergency care and treatment at a local area hospital immediately following the accident where she was treated for her alleged injuries. The hospital instructed the plaintiff to follow-up with her primary care physician for these conditions.

24. Upon information and belief, the plaintiff did seek follow up treatment for her alleged injuries.

25. Upon information and belief, the plaintiff's current alleged past medical specials total $555,574.54.

26. Upon information and belief, Plaintiff is also alleging possible future damages.

27. Taking into consideration the plaintiff's claim for past and (possible) future medical damages, pain and suffering, property damage, past and future wage loss, and out-of-pocket expenses, it is more likely than not that plaintiff seeks damages in excess of $75,000.

28. Based on the foregoing, the defendant has met his burden of showing that the amount in controversy more likely than not exceeds the jurisdictional requirement of $75,000.

29. This Petition for Removal is timely as it is being filed within thirty (30) days after the May 22, 2017 Proof of Service of the Plaintiff's complaint.

/ / /

/ / /

/ / /

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

30. Because there is complete diversity of citizenship between the plaintiff and the defendant, and because the plaintiff is seeking damages in excess of the $75,000 jurisdictional threshold, the defendant may remove this action pursuant to 28 U.S.C. §§ 1332 and 1441(b).

DATED this 15th day of June, 2017.

ATKIN WINNER & SHERROD


*/s/ Thomas E. Winner*
Thomas E. Winner
Nevada Bar No. 5168
Russell D. Christian
Nevada Bar No. 11785
1117 South Rancho Drive
Las Vegas, Nevada 89102
*Attorneys for Defendants*

# EXHIBIT A

Electronically Filed
5/4/2017 3:02 PM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
BROOKS HUBLEY, LLP
GREGG A. HUBLEY, ESQ.
Nevada Bar No. 7386
E-mail:  ghubley@brookshubley.com
1645 Village Center Circle, Suite 60
Las Vegas, NV 89134
Tel:   (702) 851-1191
Fax:   (702) 851-1198
*Attorneys for Plaintiff Erin Gibson*

BROOKS HUBLEY, LLP
1645 VILLAGE CENTER CIRCLE, SUITE 60, LAS VEGAS, NV 89134
TELEPHONE: (702) 851-1191  FAX: (702) 851-1198

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| ERIN GIBSON, Individually;<br><br>Plaintiff,<br><br>vs.<br><br>O G TRANSPORT, INC., a California corporation; JOSE P. RODRIGUEZ, an individual;  DOES I–X, and ROE CORPORATIONS I –X, inclusive,<br><br>Defendants. | Case No.:  A-17-755031-C<br>Dept.:<br><br>Department 25<br>**COMPLAINT FOR NEGLIGENCE, NEGLIGENCE PER SE, NEGLIGENT HIRING, TRAINING, AND SUPERVISION, VICARIOUS LIABILITY/RESPONDEAT SUPERIOR AND DEMAND FOR JURY TRIAL**<br><br>*Arbitration Exempt*<br>*Amount in Controversy Exceeds $50,000.00* |

COMES NOW, Plaintiff ERIN GIBSON, by and through her attorneys of record, Gregg A. Hubley, Esq. of Brooks Hubley, LLP, and hereby complains and alleges as follows:

### I.    PARTIES AND JURISDICTION

1.    Plaintiff ERIN GIBSON ("Plaintiff" or "Erin") is, and at all times relevant hereto was, a citizen of the State of Nevada.

2.    Defendant O G TRANSPORT, INC. ("O G Transport" or "Defendant") is, and at all times relevant hereto was a California corporation doing business in Clark County, Nevada, and specifically owned, supervised, maintained, and controlled a

Page 1 of 13

transport business using semi-truck tractor trailers, which regularly traveled to and from the State of Nevada for business and profit, at all times relevant to the allegations of this Complaint.

3. Upon information and belief, Defendant JOSE RODRIGUEZ ("Rodriguez" or "Defendant") is, and at all times relevant hereto was a citizen of the State of California who traveled to Clark County, Nevada, regularly as an operator of a semi-truck tractor trailer. Rodriguez, at all times relevant to the allegations of this Complaint, was operating the commercial motor vehicle which is the subject of this litigation, and on information and belief was an owner, employee and/or agent of OG Transport, Inc., at all times material hereto.

4. At all relevant times, Defendants DOES I-X were and are unknown to Plaintiff and are believed to be employees or agents of Defendant O G Transport who acted negligently, carelessly, or recklessly in the operation, control, management, and/or maintenance of the commercial motor vehicle described herein and any and all people who were involved in the incidents described below. The true names, identities or capacities, whether individual or otherwise, of Defendants DOES I-X are presently unknown to Plaintiff, who therefore sue said Defendants by such fictitious names. Plaintiff is informed and believes and therefore alleges that each of the Defendants sued herein as DOES I-X are responsible in some manner for the injuries to Plaintiff, that DOE Defendants I-X contributed to the negligence of Defendants O G Transport and Rodriguez or independently created hazards or acted negligently to cause the collision, and that their actions and/or omissions proximately caused injuries and damages to Plaintiff. When the true names and capacities of such Defendants become known, Plaintiff will ask leave of Court to amend this Complaint to insert the true names, identities, and capacities, together with proper charges and allegations.

5. At all relevant times, Defendants ROE CORPORATIONS I-X were and are unknown to Plaintiff and are believed to be corporations, firms, partnerships, associations, or other entities involved in the operation, control, management, and/or maintenance of the

1509-0001/238479.docx

BROOKS HUBLEY, LLP
1645 VILLAGE CENTER CIRCLE, SUITE 60, LAS VEGAS, NV 89134
TELEPHONE: (702) 851-1191  FAX: (702) 851-1198

commercial motor vehicle and events described herein. The true names, identities, or capacities, whether individual, corporate associate, or otherwise of Defendants ROE CORPORATIONS I-X are presently unknown to Plaintiff, who therefore sue said Defendants by such fictitious names.  Plaintiff is informed and believes and therefore alleges that each of the Defendants sued herein as ROE CORPORATIONS are responsible in some manner for the injuries suffered by Plaintiff, in that ROE CORPORATIONS controlled O G Transport, set policies for O G Transport, and/or caused or contributed to the negligence of Defendant Rodriguez or others which thereby proximately caused the injuries and damages to the Plaintiff.  When the true names and capacities of such Defendants become known, Plaintiff will seek leave of Court to amend this Complaint to insert the true names, identities, and capacities, together with proper charges and allegations.

6.      At all times relevant herein, Defendants, and each of them, were the agents, servants, partners, and employees of each and every other Defendant, and were acting within the course and scope of the agency, partnerships, and employment, and, to the extent permitted by law, are jointly and severally liable.

## II.      GENERAL FACTUAL ALLEGATIONS

7.      Plaintiff hereby adopts and incorporates by reference all prior paragraphs as though fully set forth herein.

8.      At all times relevant herein, North Green Valley Parkway and Wigwam Parkway were public roadways in the City of Henderson, County of Clark, State of Nevada.

9.      On or about February 16, 2016, at approximately 5:33 p.m., Erin was operating a 2005 Subaru Outback and traveling south on Green Valley Parkway at or near its intersection with Wigwam Parkway in Henderson, Nevada.

10.     At all times relevant herein, O G Transport was the registered owner of a certain commercial motor vehicle with the California license plate WP71342.

11.     At all times relevant herein, and on information and belief, Rodriguez was an owner, employee, and/or agent of Defendant O G Transport.

BROOKS HUBLEY, LLP
1645 VILLAGE CENTER CIRCLE, SUITE 60, LAS VEGAS, NV 89134
TELEPHONE: (702) 851-1191  FAX: (702) 851-1198

12.   At all times relevant herein, Rodriguez was acting within the scope of his employment and was the operator of a 2010 commercial motor vehicle ("semi-truck tractor trailer") which was travelling north on Green Valley Parkway at or near its intersection of Wigwam Parkway in Henderson, Nevada.

13.   Erin was stopped in the intersection at a green light on Green Valley Parkway in the left turn lane in an attempt to turn onto Wigwam Parkway.

14.   When the traffic signal changed from green to yellow, Erin ensured that she had space to safely initiate her left turn and she ensured that no other vehicles were approaching into the intersection as she began to initiate her left turn.

15.   Instead of reducing his speed upon seeing the yellow traffic signal, Defendant Rodriguez in fact accelerated, speeding up the semi-truck tractor trailer in an attempt to get through the intersection without having to stop at the red light.  Defendant Rodriguez sped into the same intersection as the traffic signal changed from yellow to red, causing a collision with Erin's vehicle.  The impact propelled Erin's vehicle, which was rendered a total loss, into another vehicle and then onto a median before it came to rest. The impact caused significant damage to the semi-truck tractor trailer that Defendant Rodriguez was operating.

16.   Defendant Rodriguez approached Erin, who was trapped in her vehicle, after the collision, acting belligerently and screaming at her.  Defendant Rodriguez suggested to Erin that because he was "in a big truck," she was obliged to yield the right of way to him.

17.   Police officers from the Henderson Police Department came to the scene of the collision and investigated.  The police officers interviewed Erin, Defendant Rodriguez, and several witnesses.  As a result of their investigation, the Henderson Police Department determined that Defendant Rodriguez was at fault for the collision, and Defendant Rodriguez was cited for the failure to obey a traffic control device.

18.   Upon information and belief, the vehicle which caused the injuries to Erin was owned, maintained, controlled, and inspected by Defendants O G Transport, DOES I through X, and ROE CORPORATIONS I through X.

BROOKS HUBLEY, LLP
1645 VILLAGE CENTER CIRCLE, SUITE 60, LAS VEGAS, NV 89134
TELEPHONE: (702) 851-1191   FAX: (702) 851-1198

1509-0001/238479.docx

19.     Upon information and belief, the vehicle which caused the injuries to Erin was controlled, supervised, operated, and inspected by Defendants Jose Rodriguez, DOES I thorough X, and ROE CORPORATIONS I through X.

20.     As a direct and proximate result of the Defendant Rodriguez's negligence in the operation of the commercial motor vehicle, Erin was injured, hospitalized, and suffered excessive pain and other injuries and damages.

### III.    NEGLIGENCE
**(As to Defendant Rodriguez)**

21.     Plaintiff hereby adopts and incorporates by reference all prior paragraphs as though fully set forth herein.

22.     Rodriguez owed a duty of care to Erin and others lawfully traversing on the roads to operate his commercial motor vehicle safely and to exercise ordinary care, in a careful, responsible, and reasonably safe manner so as to not negligently cause injury to those persons lawfully on the roadway, including Plaintiff herein.

23.     In breach of his duty of care, Rodriguez was guilty of one or more of the following negligent acts and/or omissions:

   a. He operated, maintained and controlled a semi-truck tractor trailer without keeping a sufficient look-out ahead for vehicles and persons on the roadway;

   b. He failed to ensure that the intersection was clear of vehicular traffic prior to entering into the intersection;

   c. He failed to yield the right of way to vehicles traveling in the opposing lane of the intersection before entering into the intersection;

   d. He accelerated his semi-truck tractor trailer after approaching an intersection with a yellow traffic signal instead of reducing his speed and coming to a stop;

   e. He failed to slow or stop the semi-truck tractor trailer as the traffic signal indicated an end of the green light, indicating that the signal would turn red with insufficient time for Defendant Rodriguez to cross the intersection;

BROOKS HUBLEY, LLP
1645 VILLAGE CENTER CIRCLE, SUITE 60, LAS VEGAS, NV 89134
TELEPHONE: (702) 851-1191  FAX: (702) 851-1198

1509-0001/238479.docx

f.   He failed to keep the semi-truck tractor trailer under control at all times;

g.   He failed to slow or stop the semi-truck tractor trailer to avoid colliding with the automobile being driven by Erin;

h.   He was distracted, and/or otherwise carless and negligent.

24.   As a direct and proximate cause of Rodriguez's negligent acts and/or omissions, Erin sustained severe bodily injury and disfigurement, all or some of which may be permanent and disabling in nature, leading to general and compensatory damage in an amount in excess of Ten Thousand dollars ($10,000.00).

25.   Erin was required to incur expenses for medical care, treatment and expenses incidental thereto, all to her detriment, in an amount unknown at this time, and may be required in the future to incur expenses for medical care and treatment, which may include surgery.  The amount of her bills for past and future medical care is in an amount that has not yet been ascertained.  Leave to amend this Complaint is requested, so that this amount can be introduced so as to conform to proof at time of trial, and these special damages will be in an amount in excess of Ten Thousand dollars ($10,000.00).

26.   As a direct and proximate cause of Rodriguez's negligent acts and/or omissions, Erin endured pain and suffering, anxiety, emotional distress, loss of enjoyment of life, and will continue to endure such losses for an indefinite period of time in the future. Leave to amend this Complaint is requested, so that this amount can be introduced so as to conform to proof at time of trial.

27.   As a direct and proximate cause of Rodriguez's negligent acts and/or omissions, Erin was unable to work for a period of time, and she suffered a loss of income. Leave to amend this Complaint is requested, so that the amount of her past lost income can be introduced to conform to proof at time of trial.

28.   As a direct and proximate cause of Rodriguez's negligent acts and/or omissions, Erin may be prevented from working in the same capacity in the future, and will thereby suffer a loss of future income.  Leave to amend this Complaint is requested, so that the amount of her future lost income can be introduced to conform to proof at time of trial.

BROOKS HUBLEY, LLP
1645 VILLAGE CENTER CIRCLE, SUITE 60, LAS VEGAS, NV 89134
TELEPHONE: (702) 851-1191  FAX: (702) 851-1198

1509-0001/238479.docx

29.     As a further proximate result of Rodriguez's negligent acts and/or omissions, Erin was forced to retain the services of attorneys in this matter and therefore seeks reimbursement of all attorney's fees and costs incurred.

### IV.     <u>VICARIOUS LIABILITY</u>

**(As to Defendant O G Transport)**

30.     Plaintiff hereby adopts and incorporates by reference all prior paragraphs as though fully set forth herein.

31.     At all times relevant herein, O G Transport employed Rodriguez as a driver of the semi-truck tractor trailer that collided with Erin's vehicle.  Rodriguez was under O G Transport's direct supervision, employ and control when he committed the wrongful and negligent acts described herein.  Rodriguez engaged in this conduct while acting in the course and scope of his employment with O G Transport and/or negligently acted and/or failed to act by virtue of his job-created apparent authority.

32.     At all times alleged herein, O G Transport granted authority to Rodriguez to perform as an agent within O G Transport.  O G Transport owed a duty to Erin to employ competent personnel, including drivers, who were adequately trained to properly operate, control and maintain commercial motor vehicles such that the operation of the motor vehicle does not cause injuries to others lawfully on the roads, including Plaintiff herein.

33.     Rodriguez was acting to serve the interests of his employer when he was operating the commercial motor vehicle and collided with Plaintiff causing her injuries.  Upon information and belief, Rodriguez was acting to serve the interests of his employer when he accelerated, attempting to speed through the traffic signal in order to complete his delivery within a certain time-frame, as required and/or encouraged by his employer, O G Transport, without regard for the safety of others, including Plaintiff herein.

34.     As a direct and proximate cause of Rodriguez's negligent acts and/or omissions, Erin sustained severe bodily injury and disfigurement, all or some of which may be permanent and disabling in nature, extreme pain, suffering, additional medical procedures, and other damages.  Erin has suffered general and compensatory damage in an

1509-0001/238479.docx

BROOKS HUBLEY, LLP
1645 VILLAGE CENTER CIRCLE, SUITE 60, LAS VEGAS, NV 89134
TELEPHONE: (702) 851-1191  FAX: (702) 851-1198

1    amount in excess of Ten Thousand dollars ($10,000.00).

2        35.    Erin was required to incur expenses for medical care, treatment and expenses

3    incidental thereto, all to her detriment, in an amount unknown at this time, and will be

4    required in the future to incur expenses for medical care and treatment, which may include

5    surgery.  The amount of her bills for past and future medical care is in an amount that has

6    not yet been ascertained.  Leave to amend this Complaint is requested, so that this amount

7    can be introduced so as to conform to proof at time of trial, and these special damages will

8    be in an amount in excess of Ten Thousand dollars ($10,000.00).

9        36.    As a direct and proximate cause of Rodriguez's negligent acts and/or

10    omissions, Erin endured pain and suffering, anxiety, emotional distress, loss of enjoyment

11    of life, and will continue to endure such losses for an indefinite period of time in the future.

12    Leave to amend this Complaint is requested, so that this amount can be introduced so as to

13    conform to proof at time of trial.

14        37.    As a direct and proximate cause of Rodriguez's negligent acts and/or

15    omissions, Erin was unable to work for a period of time, and she suffered a loss of income.

16    Leave to amend this Complaint is requested, so that the amount of her past lost income can

17    be introduced to conform to proof at time of trial.

18        38.    As a direct and proximate cause of Rodriguez's negligent acts and/or

19    omissions, Erin may be prevented from working in the same capacity in the future, and will

20    thereby suffer a loss of future income.  Leave to amend this Complaint is requested, so that

21    the amount of her future lost income can be introduced to conform to proof at time of trial.

22        39.    As a further proximate result of Rodriguez's negligent acts and/or omissions,

23    Erin was forced to retain the services of attorneys in this matter and therefore seeks

24    reimbursement of all attorney's fees and costs incurred.

25        **V.    NEGLIGENT HIRING, TRAINING, AND SUPERVISION**

26            **(As to O G Transport)**

27        35.    Plaintiff hereby adopts and incorporates by reference all prior paragraphs as

28    though fully set forth herein.

BROOKS HUBLEY, LLP
1645 VILLAGE CENTER CIRCLE, SUITE 60, LAS VEGAS, NV 89134
TELEPHONE: (702) 851-1191  FAX: (702) 851-1198

1509-0001/238479.docx

36.     Rodriguez was, on information and belief, employed by Defendant O G Transport as a commercial motor vehicle driver.  Rodriguez breached duties of care owed to Erin by negligently operating his commercial motor vehicle such that it collided with Erin's vehicle, causing severe injuries to Erin, as detailed, *supra*.  O G Transport failed to properly investigate Rodriguez prior to employing him, failed to properly train him, and/or failed to appropriately monitor and supervise him.

37.     O G Transport owed a duty to Erin to employ competent drivers to safely traverse the roads and operate their commercial motor vehicles, who were adequately trained to act in accordance with the Rules of the Road of the State of Nevada, so as not to cause collisions and injuries to others lawfully on the road, including Erin and other drivers.

38.     As a direct and proximate result of the negligent acts and/or omissions, by the employees, officers and/or agents of O G Transport, this Defendant breached its duty to Erin by failing to employ professional personnel who were adequately trained to protect drivers lawfully on the roads from foreseeable harm, resulting in severe and disabling injuries on Erin, as detailed, *supra*.

39.     The conduct of O G Transport demonstrated a conscious disregard of known accepted procedures, protocols, and industry policies, all with the knowledge or utter disregard that such conduct could or would expose Erin and other drivers lawfully on the roads to a heightened risk of injury and damages.  Specifically, and upon information and belief, O G Transport implemented policies which encourages and/or requires their drivers to adhere to strict time limits for completion of their deliveries and return to the hub as quickly as possible, regardless of the obligations and responsibilities owed to others on the road.

40.     But for the negligence of O G Transport, by its failure to investigate, employ, train and properly supervise Rodriguez, Erin would not have been injured due to Rodriguez's negligent driving on February 16, 2016.

41.     But for the negligence of O G Transport, Erin would not have suffered from the extreme pain, suffering, injuries, additional monetary expenses and past and future

BROOKS HUBLEY, LLP
1645 VILLAGE CENTER CIRCLE, SUITE 60, LAS VEGAS, NV 89134
TELEPHONE: (702) 851-1191  FAX: (702) 851-1198

income loss, and psychological trauma that she has endured as a result of the collision and Rodriguez's negligence on February 16, 2016.

42.     O G Transport, including its agents, employees, officers and/or servants negligently failed to develop, implement, and/or utilize proper processes and procedures to ensure that its employees, agents, officers and/or servants were not operating, maintaining and controlling their commercial motor vehicles negligently and without regard for the safety of persons on the roadway.

43.     As a direct and proximate cause of O G Transport's negligent acts and/or omissions, Erin sustained severe bodily injury and disfigurement, all or some of which may be permanent and disabling in nature, extreme pain, suffering, additional medical procedures, and other damages. Erin has suffered general and compensatory damage in an amount in excess of Ten Thousand dollars ($10,000.00).

44.     Erin was required to incur expenses for medical care, treatment and expenses incidental thereto, all to her detriment, in an amount unknown at this time, and will be required in the future to incur expenses for medical care and treatment, which may include surgery.  The amount of her bills for past and future medical care is in an amount that has not yet been ascertained.  Leave to amend this Complaint is requested, so that this amount can be introduced so as to conform to proof at time of trial, and these special damages will be in an amount in excess of Ten Thousand dollars ($10,000.00).

45.     As a direct and proximate cause of O G Transport's negligent acts and/or omissions, Erin endured pain and suffering, anxiety, emotional distress, loss of enjoyment of life, and will continue to endure such losses for an indefinite period of time in the future. Leave to amend this Complaint is requested, so that this amount can be introduced so as to conform to proof at time of trial.

46.     As a direct and proximate cause of O G Transport's negligent acts and/or omissions, Erin was unable to work for a period of time, and she suffered a loss of income. Leave to amend this Complaint is requested, so that the amount of her past lost income can be introduced to conform to proof at time of trial.

BROOKS HUBLEY, LLP
1645 VILLAGE CENTER CIRCLE, SUITE 60, LAS VEGAS, NV 89134
TELEPHONE: (702) 851-1191  FAX: (702) 851-1198

1509-0001/238479.docx

47.     As a direct and proximate cause of O G Transport's negligent acts and/or omissions, Erin may be prevented from working in the same capacity in the future, and will thereby suffer a loss of future income.  Leave to amend this Complaint is requested, so that the amount of her future lost income can be introduced to conform to proof at time of trial.

48.     As a further proximate result of O G Transport's negligent acts and/or omissions, Erin was forced to retain the services of attorneys in this matter and therefore seeks reimbursement of all attorney's fees and costs incurred.

## V.     NEGLIGENCE PER SE

### (As to Defendant Rodriguez)

49.     Plaintiff hereby adopts and incorporates by reference all prior paragraphs as though fully set forth herein.

50.     NRS 484B.300 requires the owners and operators of motor vehicles in the State of Nevada to adhere to the Rules of the Road and obey traffic-control signals. Specifically, NRS 484B.307 requires drivers to slow the movement of their vehicles when a yellow traffic signal is displayed, as it is a warning that they must not enter the intersection when the light turns red.

51.     Further, NRS 484B.307 requires the owners and operators of motor vehicles in the State of Nevada to stop their vehicles when a red traffic signal is displayed.

52.     Defendant Rodriguez violated NRS 484B.307 when he failed properly operate, control and maintain the semi-truck tractor trailer he was operating and failed to obey the traffic signal, causing his commercial motor vehicle to collide with Erin's motor vehicle.

53.     Rodriguez's violation of NRS 484B.307, by his failure to properly operate, control and maintain his vehicle and for his failure to obey the traffic signal, and his decision to accelerate his semi-truck tractor trailer in an attempt to beat the traffic signal, caused his motor vehicle to collide with Erin's, and but for his failure to abide by the Nevada statute, Erin would not have suffered severe injuries, which resulted in extreme

BROOKS HUBLEY, LLP
1645 VILLAGE CENTER CIRCLE, SUITE 60, LAS VEGAS, NV 89134
TELEPHONE: (702) 851-1191  FAX: (702) 851-1198

1509-0001/238479.docx

BROOKS HUBLEY, LLP
1645 VILLAGE CENTER CIRCLE, SUITE 60, LAS VEGAS, NV 89134
TELEPHONE: (702) 851-1191  FAX: (702) 851-1198

pain, medical treatment, permanent disfigurement, monetary expenses, and psychological trauma.

54.     The purpose of the NRS 484B.307 is to ensure safety in traversing upon the roadways, such that a driver in an intersection is able to initiate a turn in the intersection when the light is yellow, and to avoid severe injuries by cautioning approaching vehicles on the road to slow the movement of their vehicles and prepare to come to a complete stop.

55.     Erin was a part of the class of persons NRS 484B.307 was intended to protect, in that she was a driver in the intersection making a left turn as the traffic signal turned from green to yellow.

56.     Erin's injuries were the direct and proximate result of Rodriguez's violation of the statute, and her injuries were the types of injuries which the statute and the Code were intended to protect, as the purpose of the requirements is to provide safety to drivers lawfully on the roadways and intersections, in order to protect against bodily injury.

57.     As a direct and proximate cause of Rodriguez's negligent acts and/or omissions, and the consequent violations of NRS 484B.307, Erin sustained severe bodily injury and disfigurement, or some which may be permanent and disabling in nature, resulting in general and compensatory damage in an amount in excess of Ten Thousand dollars ($10,000.00).

58.     Erin was required to incur expenses for medical care, treatment and expenses incidental thereto, all to her detriment, in an amount unknown at this time, and may be required in the future to incur expenses for medical care and treatment, physicians, nurses, physical therapists, hospitalization, and general medical care in an amount not yet ascertained.  Leave to amend this Complaint is requested, so that this amount can be introduced so as to conform to proof at time of trial, and these special damages will be in an amount in excess of Ten Thousand dollars ($10,000.00).

59.     As a direct and proximate cause of Rodriguez's negligent acts and/or omissions, and violation of NRS 484B.307, Erin endured pain and suffering, anxiety, emotional distress, loss of enjoyment of life, and will continue to endure such losses for an

1509-0001/238479.docx

1 │ indefinite period of time in the future.  Leave to amend this Complaint is requested, so that

2 │ this amount can be introduced so as to conform to proof at time of trial.  Erin has suffered

3 │ special damages well in excess of Ten Thousand dollars ($10,000.00).

4 │      60.    As a further proximate result of Rodriguez's negligent acts and/or omissions,

5 │ and violation of NRS 484B.307, Erin was forced to retain the services of attorneys in this

6 │ matter and therefore seeks reimbursement of all attorney's fees and costs incurred.

7 │ ### VI.   FOR RELIEF

8 │      WHEREFORE, Plaintiff prays for Judgment against Defendants, and each of them,

9 │ as follows:

10 │      1.    For general damages in excess of Ten Thousand dollars ($10,000.00),

11 │ according to proof upon trial, to Plaintiff;

12 │      2.    For special damages in excess of Ten Thousand dollars ($10,000.00),

13 │ according to proof upon trial, to Plaintiff;

14 │      3.    For reasonable attorneys' fees incurred herein;

15 │      4.    For Plaintiff's costs and disbursements of this suit; and

16 │      5.    For such and further relief as this Court may deem just and equitable.

17 │ ### VII.   DEMAND FOR JURY TRIAL

18 │      Plaintiff herein demands a trial by jury on all issues so triable.

19 │

20 │ DATED: May 4, 2017          BROOKS HUBLEY, LLP

21 │

22 │               By:

23 │               GREGG A. HUBLEY, ESQ.
              Nevada Bar No. 7386

24 │               1645 Village Center Circle, Suite 60

25 │               Las Vegas, NV 89134
              Tel:   (702) 851-1191

26 │               Fax:   (702) 851-1198
              *Attorneys for Plaintiff Erin Gibson*

27 │

28 │

BROOKS HUBLEY, LLP
1645 VILLAGE CENTER CIRCLE, SUITE 60, LAS VEGAS, NV 89134
TELEPHONE: (702) 851-1191   FAX: (702) 851-1198

1509-0001/238479.docx

# EXHIBIT  B

Electronically Filed
5/22/2017 11:37 AM
Steven D. Grierson
CLERK OF THE COURT

1  **PSERV**
   BROOKS HUBLEY, LLP
2  GREGG A. HUBLEY, ESQ.
   Nevada Bar No. 7386
3  E-mail:  ghubley@brookshubley.com
4  1645 Village Center Circle, Suite 60
   Las Vegas, NV 89134
5  Tel:   (702) 851-1191
6  Fax:   (702) 851-1198
7  *Attorneys for Plaintiff Erin Gibson*

8              **DISTRICT COURT**

9          **CLARK COUNTY, NEVADA**

10  ERIN GIBSON, Individually;          Case No.: A-17-755031-C
                                        Dept.: 25
11       Plaintiff,

12  vs.

13  O G TRANSPORT, INC., a California
    Corporation; JOSE P. RODRIGUEZ, an
14  individual;  DOES I-X, and ROE
    CORPORATIONS I –X, inclusive,
15
         Defendants.
16

17              **PROOF OF SERVICE**

18           **(JOSE P. RODRIGUEZ)**
19
20       COMES NOW the Plaintiff, ERIN GIBSON, by and through her attorneys of record,

21  BROOKS HUBLEY, LLP, hereby files the *Proof of Service of Summons*, attached hereto, as

22  Exhibit "1."

23
         Dated:  May 22, 2017            BROOKS HUBLEY, LLP
24
25                             By:
26                                       GREGG A. HUBLEY, ESQ.
                                         Nevada Bar No. 7386
27                                       1645 Village Center Circle, Suite 60
                                         Las Vegas, NV 89134
28                                       *Attorneys for Plaintiff Erin Gibson*

BROOKS HUBLEY, LLP
1645 VILLAGE CENTER CIRCLE, SUITE 60, LAS VEGAS, NV 89134
TELEPHONE (702) 851-1191  FAX (702) 851-1198

1509-0001/241671

# EXHIBIT 1

# EXHIBIT 1

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address) | FOR COURT USE ONLY |
|---|---|
| - <br> , <br> TELEPHONE NO.:                          FAX NO.: <br> E-MAIL ADDRESS: <br> ATTORNEY FOR: | |

DISTRICT COURT - CLARK COUNTY, NEVADA
STREE ADDRESS: 200 S. Third St.
MAILING ADDRESS: 200 S. Third St.
CITY AND ZIP CODE: Las Vegas, NV 89155
BRANCH NAME: District Court - Clark County, Nevada

| PLAINTIFF/PETITIONER: Gibson | Case Number: |
|---|---|
| DEFENDANT/RESPONDENT: O G Transport | A-17-755031-C |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: Brook/525368 |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:     Summons and Complaint; Initial Appearance Fee Disclosure

3. a. Party served:     Jose P. Rodriguez, an individual

   b. Person served:     Gema Rodriguez - Co-Occupant



(X) Service was Made ( ) Attempted outside the State of Nevada Not subject to NRS 648 / AB 156

4. Address where the party was served:     4914 Union Pacific Blvd., Los Angeles, CA 90022

5. I served the party

   b.   by substituted service. On (date): May 10, 2017     at (time):     3:55 PM     I left the documents listed in item 2 with or in the presence of Gema Rodriguez, Co-Occupant

   (2)   **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

   (4)   I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on (date): May 11, 2017 from (city): Riverside, CA  92502-1568

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   a. as an individual defendant.

7. Person who served papers
   a. Name:   Delbert Salgado - Sano Attorney Service
   b. Address:   P.O. Box 1568, Riverside, CA 92502
   c. Telephone number:   (909) 425-2248
   d. The fee for service was: $
   e. I am:   (3) registered California process server:
      (i)   Employee or independant contractor
      (ii)  Registration No.:   PSC2448
      (iii) County:   Orange

NOTARIAL JURAT
State of California; County of San Bernardino
Subscribed and sworn to (or affirmed) before me
on this 15th day of May, 2017
by Delbert Salgado
proved to me on the basis of satisfactory evidence
to be the person(s) who appeared before me.
Signature Kathy McCool

KATHY MCCOOL
COMM. #2021657
NOTARY PUBLIC - CALIFORNIA
SAN BERNARDINO COUNTY
My Comm. Expires May 22, 2017

8. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Date: May 11, 2017

Delbert Salgado
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)                     (SIGNATURE )

**EXHIBIT C**

Electronically Filed
5/22/2017 11:37 AM
Steven D. Grierson
CLERK OF THE COURT

1    **PSERV**
2    BROOKS HUBLEY, LLP
    GREGG A. HUBLEY, ESQ.
3    Nevada Bar No. 7386
    E-mail: ghubley@brookshubley.com
4    1645 Village Center Circle, Suite 60
5    Las Vegas, NV 89134
    Tel:    (702) 851-1191
6    Fax:    (702) 851-1198
7    *Attorneys for Plaintiff Erin Gibson*

8                 **DISTRICT COURT**

9             **CLARK COUNTY, NEVADA**

10    ERIN GIBSON, Individually;           Case No.: A-17-755031-C
                                        Dept.:   25
11        Plaintiff,
12    vs.
13    O G TRANSPORT, INC., a California
    Corporation; JOSE P. RODRIGUEZ, an
14    individual; DOES I-X, and ROE
    CORPORATIONS I –X, inclusive,
15
16        Defendants.

17                  <u>**PROOF OF SERVICE**</u>
18
          **(O G TRANSPORT, INC., a California Corporation)**
19
20        COMES NOW the Plaintiff, ERIN GIBSON, by and through her attorneys of record,

21 BROOKS HUBLEY, LLP, hereby files the *Proof of Service of Summons*, attached hereto, as

22 Exhibit "1."

23       Dated: May 22, 2017             BROOKS HUBLEY, LLP
24
25                        By:
26                           GREGG A. HUBLEY, ESQ.
                           Nevada Bar No. 7386
27                           1645 Village Center Circle, Suite 60
                           Las Vegas, NV 89134
28                           *Attorneys for Plaintiff Erin Gibson*

BROOKS HUBLEY, LLP
1645 VILLAGE CENTER CIRCLE, SUITE 60, LAS VEGAS, NV 89134
TELEPHONE: (702) 851-1191; FAX: (702) 851-1198

1509-0001/241675

# EXHIBIT 1

# EXHIBIT 1

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address) | FOR COURT USE ONLY |
|---|---|

TELEPHONE NO.:                          FAX NO.:
E-MAIL ADDRESS:
ATTORNEY FOR:

DISTRICT COURT - CLARK COUNTY, NEVADA
STREET ADDRESS: 200 S. Third St.
MAILING ADDRESS: 200 S. Third St.
CITY AND ZIP CODE: Las Vegas, NV 89155
BRANCH NAME: District Court - Clark County, Nevada

PLAINTIFF/PETITIONER: Gibson
DEFENDANT/RESPONDENT: O G Transport

Case Number: A-17-755031-C

**PROOF OF SERVICE OF SUMMONS**

Ref. No. or File No.: Brook/525369

*(Separate proof of service is required for each party served.)*

Service was Made ( ) Attempted outside the State of Nevada Not subject to NRS 648 / AB 156

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of: Summons and Complaint; Initial Appearance Fee Disclosure

3. a. Party served: O G Transport, Inc., a California corporation

   b. Person served: "John Doe" - M - Asian - 50yrs - 5'8" - 165lbs - blk hr - brn eyes, Co-Occupant to Oscar Gonzalez - Registered Agent - Pursuant to NRS 14.020

4. Address where the party was served: 1108 S. Campbell Ave., Alhambra, CA 91803

5. I served the party
   b. by substituted service. On (date): May 11, 2017 at (time): 6:10 PM I left the documents listed in item 2 with or in the presence of "John Doe" - M - Asian - 50yrs - 5'8" - 165lbs - blk hr - brn eyes, Co-Occupant to Oscar Gonzalez, Registered Agent
   (2) **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
   (4) I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on (date): May 12, 2017 from (city): Riverside, CA  92502-1568

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   d. On behalf of :
      O G Transport, Inc., a California corporation
      under the following Code of Civil Procedure section: CCP 416.10 (corporation)

7. Person who served papers
   a. Name: Delbert Salgado - Sano Attorney Service
   b. Address: P.O. Box 1568, Riverside, CA 92502
   c. Telephone number: (909) 425-2248
   d. The fee for service was: $
   e. I am: (3) registered California process server:
      (i) Employee or independant contractor
      (ii) Registration No.: PSC2448
      (iii) County: Orange

NOTARIAL JURAT
State of California; County of San Bernardino
Subscribed and sworn to (or affirmed) before me
on this 15th day of May, 20 17
by Delbert Salgado
proved to me on the basis of satisfactory evidence
to be the person(s) who appeared before me.
Signature Kathy McCool

KATHY MCCOOL
COMM. #2021657
NOTARY PUBLIC - CALIFORNIA
SAN BERNARDINO COUNTY
My Comm. Expires May 12, 2017

8. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Date: May 12, 2017

Delbert Salgado
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)        (SIGNATURE)