THOMAS E. WINNER
Nevada Bar No. 5168
VIRGINIA T. TOMOVA
Nevada Bar No. 12504
**ATKIN WINNER & SHERROD**
1117 South Rancho Drive
Las Vegas, Nevada 89102
Phone (702) 243-7000
Facsimile (702) 243-7059
twinner@awslawyers.com
vtomotova@awslawyers.com
*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ERIN GIBSON, Individually, | CASE NO.: 2:17-cv-01679-JAD-PAL |
| Plaintiff, | |
| vs. | **DEFENDANTS OG TRANSPORT, INC. AND JOSE P. RODRIGUEZ'S MOTION TO RE-OPEN INITIAL EXPERT DISCLOSURE DEADLINE AND TO EXTEND DISCOVERY DEADLINES (First Request)** |
| OG TRANSPORT, INC., a California Corporation; JOSE P. RODRIGUEZ, an individual; DOES I-X, and ROE CORPORATIONS I-X, inclusive, | |
| Defendants | |

Defendants, OG TRANSPORT, INC. and JOSE P. RODRIGUEZ (hereinafter "Defendants"), by and through their counsel of record, Thomas E. Winner and Virginia T. Tomova of the law firm ATKIN WINNER & SHERROD, move this Court for an order reopening the initial expert disclosure deadlines and extending current discovery deadlines in this matter. This Motion is made pursuant to LR 26-4 and LR IA 6-1.

/ / /

/ / /

/ / /

1060532.docx

This Motion is made and based upon all papers and pleadings on file herein, the attached Points and Authorities, and any argument of counsel at the hearing, if any, of this matter.

DATED this 18th day of July, 2018.

**ATKIN WINNER & SHERROD**

_/s/  Virginia T. Tomova_
THOMAS E. WINNER
Nevada Bar No. 5168
VIRGINIA T. TOMOVA
Nevada Bar No. 12504
1117 South Rancho Drive
Las Vegas, Nevada 89102
_Attorneys for Defendants_

**POINTS AND AUTHORITIES**

**I.**

**INTRODUCTION**

This action involves Plaintiff Erin Gibson's claims for personal injuries she allegedly sustained when she suddenly made a left hand turn in front of Defendant Rodriguez' tractor-trailer truck at the intersection of Green Valley Parkway and Wigwam in Henderson, Nevada.  The accident occurred on February 16, 2016 at approximately 5:33 p.m.  Because of the accident, Plaintiff claimed injuries to her back, left knee, left ankle and sternum, bruising to her hip, abdomen, and pelvic region. _See_ Plaintiff's Responses to Defendant OG Transport Inc. and Jose P. Rodriguez' Interrogatories, April 2, 2018, Response to Interrogatory No. 8, attached hereto as **Exhibit A**.  Nowhere in her responses to the interrogatories did Plaintiff mention that she had suffered hand-related injuries and a carpal tunnel syndrome because of this accident.  **Exhibit A**. Nowhere in Plaintiff's medical records was there any mention that hand injuries and carpal tunnel syndrome were related to the accident.  The Defendants learned for the very first time that the

1060532.docx

Plaintiff sustained hand-related injuries and a carpal tunnel syndrome which might require future medical treatment because of this accident in the initial expert report prepared by plaintiff's vascular surgeon expert Dr. Bruce Hirschfeld on July 2, 2018. See *Dr. Bruce Hirschfeld expert report*, dated July 1, 2018, pp. 23-24, attached hereto as **Exhibit B**. Furthermore, plaintiff did not complain of any hand or wrist pain when she sought treatment on the day of the accident at St. Rose Dominican Hospital – Sienna Campus and University Medical Center ("UMC"). The only diagnostic studies discussing plaintiff's hands and wrists were done on September 1, 2016, 7 months after the accident. See *Steinberg Diagnostic Medical Imaging Center records*, dated September 1, 2016, attached hereto as **Exhibit C**. These diagnostic studies showed minimal osteoarthritis DIP joints left and right hand. **Exhibit C**. Plaintiff also represented that the right wrist and hand pain was caused by her typing for 10 years. **Exhibit C**. The x-rays of her left wrist and hand were normal. **Exhibit C**. There was a clinical history of "possible carpal tunnel." **Exhibit C**. There has never been any relation throughout plaintiff's medical treatment after this accident, that this "possible carpal tunnel" or that plaintiff's hand-related injuries were caused by the accident, until Dr. Hirschfeld's opinion. Furthermore, Dr. Hirschfeld opined that he had not been provided with medical records that indicated that the Plaintiff underwent electrodiagnostic evaluation and neurology consultation for her alleged hand-related symptoms. **Exhibit B,** p. 23. The Defendants did not receive Dr. Hirschfeld's report until July 5, 2018, the day of the initial expert disclosure. The Defendants were not aware that Plaintiff suffered hand-related injuries and a carpal tunnel syndrome, because Plaintiff did not relate such injuries to this accident. As such the Defendants did not retain an initial hand expert to opine as to the relatedness of the Plaintiff's alleged hand injuries and carpal tunnel to this accident. Under these circumstances, good cause exists to re-open the initial expert disclosure deadline so that the Defendants be allowed to retain a hand expert to opine as to the Plaintiff's hand-related injuries and carpal tunnel syndrome.

1060532.docx

Plaintiff filed her Complaint against OG Transport and Mr. Rodriguez in the Eighth Judicial District Court for the State of Nevada on May 4, 2017.  Plaintiff served a copy of the Summons and the Compliant upon Mr. Rodriguez' daughter Gema Rodriguez on May 10, 2017. Mr. Rodriguez did not receive a copy of the Summons and the Compliant until several days later. According to the Proofs of Service filed by Plaintiff on May 22, 2017 in State Court, service upon OG Transport was allegedly effectuated on a "John Doe" on or about May 11, 2017, however Defendant OG Transport did not receive a copy of the Summons and Complaint until May 18, 2017. On June 15, 2017, the Defendants timely removed this case to this Court because there was complete diversity between the parties and the amount in controversy exceeded $75,000.   On March 21, 2018, the Defendants filed an answer to the Complaint (**Doc. No. 13**.)

Pursuant to Fed. R. Civ. P. 26(f), the parties held the initial discovery conference on February 13, 2018.  The Parties submitted the Stipulated Discovery Plan and Scheduling Order on March 21, 2018. (**Doc. No. 12**) The Court signed the Stipulated Discovery Plan and Scheduling Order on March 21, 2018. (**Doc. No. 14**) However, due to a clerical error the defense counsel's office did not become aware that the Stipulated Discovery Plan and Scheduling Order was signed by the Court, until July 10, 2018. Due to the clerical error, the stipulated discovery deadlines were not calendared.  Once the defense counsel's office discovered the clerical error, defense counsel contacted Plaintiff's counsel regarding a stipulation to re-open the initial expert disclosure deadline and explained to the Plaintiff's counsel the nature of the clerical error. See *Electronic correspondence from defense counsel to Plaintiff's counsel*, dated from July 10, 2018 through July 13, 2018, attached hereto as **Exhibit D**.

During the conversation Plaintiff's counsel stated that he was not against signing the stipulation to re-open initial expert disclosure deadlines, but he had to check with his client first and referring counsel before he could provide an answer. **Exhibit D**.  On July 16, 2018, Plaintiff's

1060532.docx

counsel informed that he did not have authority to sign the stipulation, which necessitated the filing of the instant motion. See *Electronic correspondence from Plaintiff's counsel to Defense Counsel,* dated July 16, 2018, attached hereto as **Exhibit E**.

Plaintiff made her Initial Designation of Experts and List of Witnesses and Documents Pursuant to Fed. R. Civ. P. 26.1 on or about January 30, 2018.  Defendants' made their Initial List of Witnesses and Documents disclosure under Fed. R. Civ. P. 26.1 on or about February 15, 2018. The Defendants served their requests for interrogatories and requests for production of documents on or about February 20, 2018.  Plaintiff served her responses to the Defendants' interrogatories and requests for production of documents on or about April 9, 2018.  On or about April 12, 2018, the Defendants served the Plaintiff with a second set of requests for production of documents.

Plaintiff served her first supplement to her initial disclosures on or about April 19, 2018. According to the Plaintiff's most recent supplement to her initial disclosures, her total damages are **$200,383.34**.  Plaintiff provided responses to the Defendants' second set of requests for production of documents on or about April 23, 2018.  Plaintiff served her request for admissions, interrogatories and requests for production of documents on or about April 23, 2018.

On May 1, 2018, the Plaintiff served her Second Supplement of Experts and List of Witnesses and Documents Pursuant to FRCP 26.1.  On or about May 3, 2018, the Defendants served their First Supplement to Defendants Initial FRCP 26.1 Case Conference List of Witnesses and Production of Documents.  On May 3, 2018, the Defendants served their Third Request for Production of Documents to the Plaintiff.  On May 14, 2018, the Plaintiff provided responses to the Defendants Third Request for Production of Documents to the Plaintiff.  On or about May 18, 2018, the Defendants served their Second Supplement to Defendants' Initial FRCP 26.1 Case Conference List of Witnesses and Production of Documents.

On or about June 1, 2018, the Defendants served their Third Supplement to Defendants' Initial FRCP 26.1 Case Conference List of Witnesses and Production of Documents.  On or about June 7, 2018, the Defendants served their Fourth Request for Production of Documents.   On or about June 8, 2018, the Defendants served their Fourth Supplement to Defendants' Initial FRCP 26.1 Case Conference List of Witnesses and Production of Documents.  On or about June 12, 2018, the Defendants served their Fifth Supplement to Defendants' Initial FRCP 26.1 Case Conference List of Witnesses and Production of Documents.  On June 20, 2018, the Defendants provided responses to the Plaintiff's requests for admission, interrogatories and production of documents. On June 26, 2018, the Plaintiff provided responses to the Defendants' Fourth Request for Production of Documents.

On or about July 2, 2018, the Plaintiff served her Disclosure of Retained and Non-Retained Experts and Rebuttal Experts in which she designated Dr. Bruce Hirschfeld as her board-certified vascular surgeon expert.  Plaintiff did not designate any other experts.  Dr. Hirschfeld's deposition is set for August 17, 2018.  Plaintiff's deposition is set for August 14, 2018.  The deposition of David Kreemer is set for August 21, 2018.  The Parties are also in the process of setting up the depositions of Michael Williams, Roy Rozelle, and officer Ryan Woodbury.

As set forth in detail below, the parties have conducted preliminary discovery.  However, the Defendants still need to obtain Plaintiff's medical records relating to her hand injuries and carpal tunnel syndrome, which Plaintiff now alleges are related to the accident.  The Defendants anticipate requesting that Plaintiff also appears for a Rule 35 examination due to her alleged hand-related symptoms, and the potential future medical treatment for her hand-related injuries which she now attributes to the subject accident.  In addition, Plaintiff's current attribution of her alleged hand-related symptoms and a carpal tunnel syndrome to the accident in this case did not become known until Dr. Hirschfeld's report which the Defendants received on July 5, 2018, the initial

1060532.docx

expert disclosure deadline.   Dr. Hirschfeld opined that Plaintiff might require future medical evaluation and treatment which would be related to her hand symptoms and evaluation for posttraumatic bilateral carpal tunnel syndrome. On July 5, 2018, the deadline for initial expert disclosures, was the first time that the Defendants learned that Plaintiff was relating hand injuries and a carpal tunnel syndrome to the accident.  The Defendants are in the process of obtaining all of Plaintiff's relevant medical information.  The Defendants do not yet have sufficient information to provide to medical experts to obtain expert reports regarding Plaintiff's hand-related symptoms and a carpal tunnel syndrome.  In addition, due to a clerical error the discovery deadlines were not calendared by the Defense counsel's office.

Under the above circumstances and as Plaintiff's physical condition and need for future treatment are key issues in this matter, good cause and an excusable neglect exist to re-open the initial expert discovery deadline and to extend the current discovery deadlines.  Accordingly, the Defendants requests that the Court re-opens the initial expert disclosure deadline and to continue the discovery deadlines by ninety (90) days as set forth herein.  In the alternative, the Defendants request that the Court excludes all of Plaintiff's treatment related to her hands and a carpal tunnel syndrome.

## II.

## LEGAL ARGUMENT

LR 26-4 sets forth the requirements for submitting the subject Motion for the Court's consideration.  First, any application to extend any deadline must be supported by a showing of good cause.  Further, the application must comply with the requirements of LR IA 6-1.  Also, a motion to extend a discovery deadline must be submitted no later than twenty-one days before the expiration of that deadline, unless supported by a showing of good cause and demonstrating that the failure to do so was due to excusable neglect.  Finally, the motion must include specific information. The instant Motion is in compliance with LR 26-4.

1060532.docx

First, good cause exists for the requested re-opening of the initial expert disclosure discovery deadline.  The parties have been conducting discovery.  However, Plaintiff is now claiming hand-related symptoms and a carpal tunnel syndrome, and a potential need for future medical treatment as a result of the subject accident.  The Defendants need to obtain Plaintiff's medical records and diagnostic films pertaining to her alleged hand-related injuries and carpal tunnel syndrome, to provide to a hand medical expert.  Also, the Defendants anticipate seeking Plaintiff to appear for a Rule 35 Examination for her hand related injuries. Based upon the issues in this case, good cause exists for the re-opening of the initial expert disclosure deadline and for the extension of the discovery deadlines requested by the Defendants.

Second, the instant Motion is in compliance with this Court's Local Rules.  Pursuant to LR IA 6-1, as indicated in the caption, this is the first request for a re-opening of the initial expert disclosure deadlines.  Further, pursuant to LR 26-4, the instant Motion sets forth the reasons for the requested extension.

Third, the instant Motion was not filed within the twenty-one days before the initial expert disclosure deadline, because the defense counsel's office was not aware that Plaintiff was going to relate hand injuries and a carpal tunnel syndrome to this accident.  This was because nowhere in her medical records on the date of the accident and subsequently thereafter, there was any indication that the Plaintiff had sustained hand injuries and had suffered carpal tunnel syndrome related to this accident.  The Defendants learned of such relation from Dr. Hirschfeld's report which the Defendants receive on July 5, 2018, the initial expert disclosure deadline. In addition, due to a clerical error the discovery deadlines were not calendared in defense counsel's office.  The initial expert disclosure deadline was on July 5, 2018.  The defense counsel's office became aware of the clerical mistake on July 10, 2018.

Furthermore, Dr. Hirschfeld opined that he had not been provided with any medical records indicating that the Plaintiff had a neurology study and electrodiagnostic testing about her hand-related symptoms. This require the Defendants to obtain medical authorizations from the Plaintiff of the providers with whom she treated for her hand related injuries and carpal tunnel syndrome, and request these records from these providers, and then provide them to a hand

1060532.docx

expert. Without the re-opening of the initial expert disclosure deadline, the Defendants will not be able to retain a hand expert to opine as to the Plaintiff's hand related injuries and a carpal tunnel syndrome which Plaintiff now alleges because of this accident. For these reasons, the Defendants respectfully request that the Court re-opens the initial expert disclosure deadline and to continue the discovery deadlines with additional 90 days.

The Defendants filed the instant motion as soon as 1) Plaintiff's counsel indicated that he did not have authority from his client to sign the stipulation to re-open initial expert disclosure deadlines, and 2) the Defendants became aware that the Plaintiff now related hand injuries and a carpal tunnel syndrome to this accident. Based on these circumstances, the Defendants were not be able to obtain Plaintiff's medical records regarding her hand-related injuries and to provide these records to hand medical experts in order to obtain expert reports by the initial expert disclosure deadline, which was on July 5, 2018.

Fourth, the Motion contains the specific information required by LR 26-4 as follows:

## A.   DISCOVERY COMPLETED TO DATE

Pursuant to Fed. R. Civ. P. 26(f), the parties held the initial discovery conference on February 13, 2018. The Parties submitted the Stipulated Discovery Plan and Scheduling Order on March 21, 2018. (**Doc. No. 12**) The Court signed the Stipulated Discovery Plan and Scheduling Order on March 21, 2018. (**Doc. No. 14**) However, due to a clerical error the defense counsel's office did not become aware that the Stipulated Discovery Plan and Scheduling Order was signed by the Court, until July 10, 2018. Due to the clerical error, the stipulated discovery deadlines were not calendared. Once the defense counsel's office discovered the clerical error, defense counsel contacted Plaintiff's counsel regarding a stipulation to re-open the initial expert disclosure deadline and explained to the Plaintiff's counsel the nature of the clerical error. See *Electronic correspondence from defense counsel to Plaintiff's counsel*, dated from July 10, 2018 through July 13, 2018, attached hereto as **Exhibit D**.

During the conversation Plaintiff's counsel stated that he was not against signing the stipulation to re-open initial expert disclosure deadlines, but he had to check with his client first

and referring counsel before he could provide an answer. **Exhibit D**.  On July 16, 2018, Plaintiff's counsel informed that he did not have authority to sign the stipulation, which necessitated the filing of the instant motion. See *Electronic correspondence from Plaintiff's counsel to Defense Counsel,* dated July 16, 2018, attached hereto as **Exhibit E**.

Plaintiff made her Initial Designation of Experts and List of Witnesses and Documents Pursuant to Fed. R. Civ. P. 26.1 on or about January 30, 2018.  Defendants' made their Initial List of Witnesses and Documents disclosure under Fed. R. Civ. P. 26.1 on or about February 15, 2018.  The Defendants served their requests for interrogatories and requests for production of documents on or about February 20, 2018.  Plaintiff served her responses to the Defendants' interrogatories and requests for production of documents on or about April 9, 2018.  On or about April 12, 2018, the Defendants served the Plaintiff with a second set of requests for production of documents.

Plaintiff served her first supplement to her initial disclosures on or about April 19, 2018.  According to the Plaintiff's most recent supplement to her initial disclosures, her total damages are **$200,383.34**.  Plaintiff provided responses to the Defendants' second set of requests for production of documents on or about April 23, 2018. Plaintiff served her request for admissions, interrogatories and requests for production of documents on or about April 23, 2018.

On May 1, 2018, the Plaintiff served her Second Supplement of Experts and List of Witnesses and Documents Pursuant to FRCP 26.1.  On or about May 3, 2018, the Defendants served their First Supplement to Defendants Initial FRCP 26.1 Case Conference List of Witnesses and Production of Documents.  On May 3, 2018, the Defendants served their Third Request for Production of Documents to the Plaintiff.  On May 14, 2018, the Plaintiff provided responses to the Defendants Third Request for Production of Documents to the Plaintiff.  On or about May 18, 2018, the Defendants served their Second Supplement to Defendants' Initial FRCP 26.1 Case Conference List of Witnesses and Production of Documents.

1060532.docx

On or about June 1, 2018, the Defendants served their Third Supplement to Defendants' Initial FRCP 26.1 Case Conference List of Witnesses and Production of Documents.  On or about June 7, 2018, the Defendants served their Fourth Request for Production of Documents.   On or about June 8, 2018, the Defendants served their Fourth Supplement to Defendants' Initial FRCP 26.1 Case Conference List of Witnesses and Production of Documents.  On or about June 12, 2018, the Defendants served their Fifth Supplement to Defendants' Initial FRCP 26.1 Case Conference List of Witnesses and Production of Documents.  On June 20, 2018, the Defendants provided responses to the Plaintiff's requests for admission, interrogatories and production of documents.  On June 26, 2018, the Plaintiff provided responses to the Defendants' Fourth Request for Production of Documents.

On or about July 2, 2018, the Plaintiff served her Disclosure of Retained and Non-Retained Experts and Rebuttal Experts in which she designated Dr. Bruce Hirschfeld as her board-certified vascular surgeon expert.  Plaintiff did not designate any other experts.  Dr. Hirschfeld's deposition is set for August 17, 2018.  The deposition of David Kreemer is set for August 21, 2018.  The Parties are also in the process of setting up the depositions of Michael Williams, Roy Rozelle, and officer Ryan Woodbury. Plaintiff's deposition is set for August 14, 2018.

**B.     DISCOVERY THAT REMAINS TO BE COMPLETED**

Upon learning on July 5, 2018 from Dr. Hirschfeld's report that the Plaintiff had sustained hand related injuries and a carpal tunnel because of this accident, the Defendants have yet to request Plaintiff's medical records regarding her hand injuries. However, before the Defendants can request such records, the Plaintiff must execute all necessary medical authorizations.  As soon as the Defendants receive these authorizations, the Defendants will request Plaintiff's medical records from the providers where she sought treatment for her hands symptoms.

Furthermore, the parties will take the depositions of Dr. Hirschfeld (August 17, 2018), Plaintiff's deposition (August 14, 2018), deposition of David Kreemer (August 21, 2018). The Parties are also in the process of setting up the depositions of Michael Williams, Roy Rozelle, and officer Ryan Woodbury. Due to Plaintiff's claims that she has suffered hand-related injuries and a carpal tunnel and may require future medical treatment, the Defendants may also seek to have Plaintiff appear for a Rule 35 Examination. The Defendants believe that Plaintiff intends to conduct the depositions of the Defendants' medical experts. Those depositions have not yet been scheduled as medical experts have not been disclosed yet for the reasons mentioned above.

## C.    REASONS WHY DISCOVERY HAS NOT BEEN COMPLETED

Due to a clerical error, the discovery deadlines were not calendared at defense counsel's office. The Defendants were not aware that the Plaintiff was going to relate hand injuries and a carpal tunnel to this accident, since there was no mentioning about the relatedness of such injuries when plaintiff sought medical treatment on the day of the accident and subsequently thereafter. The first time that the Defendants learned that Plaintiff's hand-related injuries and a carpal tunnel syndrome were related to this accident, was in Dr. Hirschfeld's report. The Defendants received Dr. Hirschfeld's report on July 5, 2018, the initial expert disclosure deadline. Plaintiff must execute a medical authorization for the Defendants to obtain medical records regarding her hand injuries. Once such authorization is executed, the Defendants will request Plaintiff's medical records from her providers. Once received, the Defendants will provide these medical records to medical experts in order to obtain expert reports. Plaintiff did not produce any medical records for her hand related symptoms including electrodiagnostic evaluation and neurology consultation. Because the initial expert disclosure deadline has passed, without the re-opening of such deadline, the Defendants will not be able to obtain Plaintiff's medical records regarding her hand related symptoms, to provide them to medical experts and to get expert reports.

The Defendants need to obtain Plaintiff's medical records regarding her hand-related injuries and carpal tunnel syndrome before retaining a hand expert and conducting the depositions of Plaintiff and her treating healthcare providers and medical experts. The Defendants also need to obtain those records to provide to a medical expert in order to allow for the completion of an expert report.

For these reasons, the Defendants respectfully request that the Court re-opens the initial expert disclosure deadline with additional ninety (90) days. The Defendants filed the instant motion as soon as they became aware that the Plaintiff related a carpal tunnel syndrome and hand-related injuries to this accident and as soon as the Plaintiff's counsel informed that he did not have authority from his client and referring attorney to sign the stipulation to re-open initial expert disclosure deadlines. Accordingly, the Defendants request a re-opening of the initial expert disclosure deadline and an extension of current discovery deadlines by ninety (90) days. In the alternative, the Defendants request that the Court excludes all of Plaintiff's treatment related to her hands and a carpal tunnel syndrome.

**D.      PROPOSED DISCOVERY SCHEDULE**

| | |
|---|---|
| Close of Discovery: | **December 3, 2018** |
| Dispositive Motions: | **January 3, 2019** |
| Joint Pre-Trial Order: | **February 4, 2019** |
| Last day to amend pleadings: | **Closed** |
| Initial Expert Disclosures: | **October 3, 2018** |
| Rebuttal Expert Disclosures: | **November 2, 2018** |
| Interim Status Report: | **October 4, 2018** |

/ / /

/ / /

/ / /

/ / /

1060532.docx

### III.

### CONCLUSION

Defendants, OG TRANSPORT, INC. and JOSE P. RODRIGUEZ request that the Court grant Defendants OG Transport, Inc. and Jose P. Rodriguez's Motion to Re-Open Initial Expert Disclosure Deadline and to Extend Discovery Deadlines (First Request).

DATED this 18th day of July, 2018.

                                        **ATKIN WINNER & SHERROD**


                                        */s/ Virginia T. Tomova*
                                        THOMAS E. WINNER
                                        Nevada Bar No. 5168
                                        VIRGINIA T. TOMOVA
                                        Nevada Bar No. 12504
                                        1117 South Rancho Drive
                                        Las Vegas, Nevada 89102
                                        *Attorneys for Defendants*


**IT IS SO ORDERED** this 6th
day of August, 2018.


Peggy A. Leen
United States Magistrate Judge

1060532.docx

## CERTIFICATE OF SERVICE

I certify that on this 18th day of July, 2018, the foregoing **DEFENDANTS OG TRANSPORT, INC. AND JOSE P. RODRIGUEZ'S MOTION TO RE-OPEN INITIAL EXPERT DISCLOSURE DEADLINE AND TO EXTEND DISCOVERY DEADLINES (First Request)** was served on the following by [X] Electronic Service pursuant to NEFR 9 [ ] Electronic Filing and Service pursuant to NEFR 9 [ ] hand delivery [ ] overnight delivery [ ] fax [] fax and mail [ ] mailing by depositing with the U.S. mail in Las Vegas, Nevada, enclosed in a sealed envelope with first class postage prepaid, addressed as follows:

Lawrence Smith
Bertoldo Baker Carter & Smith
7408 W. Sahara Ave.
Las Vegas, NV 89117
*Attorney for plaintiffs*


  /s/ Colette Thorne
An employee of ATKIN WINNER & SHERROD

1060532.docx